| | |
|---|---|
| Jennifer Mathis (Utah Bar No. 11475) <br> (*Resident of/ works from Utah*) <br> jennifer.mathis@troutmansanders.com <br> Troutman Sanders LLP <br> 5 Park Plaza, Suite 1400 <br> Irvine, California 92614 <br> (949) 622-2721 | Sean M. Hanifin (*pro hac vice* to be filed) <br> sean.hanifin@troutmansanders.com <br> Prashant K. Khetan (*pro hac vice* to be filed) <br> prashant.khetan@troutmansanders.com <br> Troutman Sanders LLP <br> 401 9th Street NW, Suite 1000 <br> Washington, DC  20004 <br> (202) 274-2950 |

Attorneys for Plaintiff Evanston Insurance Company

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **EVANSTON INSURANCE COMPANY,** <br><br> **Plaintiff,** <br><br> v. <br><br> **MGA ENTERTAINMENT, INC.,** <br><br> **Defendants.** | **COMPLAINT FOR DECLARATORY RELIEF** <br><br><br><br> **Case No. 2:13-cv-00269-DBP** |

Plaintiff, Evanston Insurance Company ("Evanston"), for its complaint against MGA Entertainment, Inc. ("MGA"), alleges:

**NATURE OF ACTION**

1. Evanston seeks a judicial determination and declaration that it is not obligated to defend or indemnify MGA in connection with a pending lawsuit filed against MGA, captioned *eTagz, Inc. v. MGA Entertainment, Inc.*, No. 2:13-cv-00024-EJF (D. Utah) (the "Patent Action").

2. An actual and justiciable controversy has arisen and now exists relating to Evanston's duty to defend and/or indemnify MGA with respect to the Patent Action.

## PARTIES

3. Evanston is a corporation formed under the laws of the Commonwealth of Illinois with its principal place of business in Deerfield, Illinois. Evanston legally transacts business as an approved surplus lines insurer in the State of Utah.

4. Evanston is informed and believes, and on that basis alleges, that MGA is a corporation formed under the laws of the State of California with its principal place of business in Van Nuys, California.

## JURISDICTION AND VENUE

5. This is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

6. This action is currently ripe for adjudication.

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that the controversy is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interests and costs.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a).

## THE POLICIES

9. Evanston is informed and believes, and on that basis alleges, that ABC International Traders, Inc. ("ABC") is the predecessor in interest to MGA.

10. Evanston issued two successive commercial general liability insurance policies to ABC: Policy Number 01GLP1005176 for the policy period January 1, 2001 to January 1, 2002 and Policy Number 02GLP1005176 for the policy period January 1, 2002 to January 1, 2003

(collectively, the "Policies").  Copies of the Policies are attached hereto as Exhibits A and B, respectively, and incorporated herein by reference.

  11. Subject to their terms, conditions and exclusions, the Policies provide coverage as follows for amounts the Insured becomes legally obligated to pay as Damages for Personal and Advertising Injury Liability:

    1. Insuring Agreement

     a. We will pay those sums that the Insured becomes legally obligated to pay as damages because of "personal injury" or "advertising injury" to which this insurance applies.  We will have the right and duty to defend any "suit" seeking those damages.  We may at our own discretion investigate any "occurrence" and settle any claim or "suit" that may result. . . .

     b. This insurance applies to:

      (1) "Personal injury" . . . ;

      (2) "Advertising injury" . . . ;

     but only if the offense was committed in the "coverage territory" during the policy period.

*See* Ex. A, Section I, Covg. B "Personal & Advertising Injury Liab.," § 1.

  12. The Policies provide the following Definitions:

    2. "Advertising injury" means injury arising out of [certain enumerated] offenses:

     . . .

3

   c. Misappropriation of advertising ideas or style of doing business except as relates to or arising out of infringement of patent, copyright, trademark, title, slogan or service mark.

   . . .

 4. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

   . . .

 14. "Personal injury" means injury other than "bodily injury," arising out of [certain enumerated] offenses[.]

   . . .

 16. "Property damage" means:

   a. Physical injury to tangible property . . . ; or

   b. Loss of use tangible property that is not physically injured. . . .

*See* Ex. A, Section V - Definitions.

 13. The Policies contain an exclusion which bars coverage for any "'Advertising injury' arising out of … alleged or actual infringement of any patent, copyright, trademark, title, slogan, service mark or statutory unfair competition, common law unfair competition, violation of the Lanham Act, anti-trust violations or misappropriation of trade secrets" (the "Patent Infringement Exclusion"). *See* Ex. A, Section I, Covg. B "Personal & Advertising Injury Liab.," § 2.b(5).

14. The Policies also contain an Endorsement that provides that "this policy does not apply to punitive or exemplary damages." *See* Ex. A, Punitive or Exemplary Damages Exclusion.

## THE PATENT ACTION

15. In the Patent Action, eTagz, Inc. ("eTagz") filed a complaint against MGA on January 9, 2013. A copy of the complaint in the Patent Action is attached hereto as Exhibit C, and incorporated herein by reference.

16. In the Patent Action, eTagz alleges that it "owns and has all right, title and interest, including standing to sue for past, present or future infringement," in four United States Patents: No. 6298332 dated October 2, 2001, No. 7503502 dated March 17, 2009, No. 7703686 dated April 27, 2010, and No. 8249919 dated April 21, 2013 (collectively, the "Patents"). The Patents are referenced in the complaint in the Patent Action as Exhibits A through D to that complaint, but the copy of the complaint on Pacer did not include any exhibits, nor did MGA provide Evanston with a copy of the exhibits to the complaint in the Patent Action.

17. The Patents are available online (*e.g.*, www.lexisnexis.com/ totalpatent). Copies of the Patents are attached hereto as Exhibits D through G, respectively, and incorporated herein by reference.

18. In the Patent Action, eTagz asserts a single count against MGA for "Patent Infringement." That count alleges that MGA is "infringing, contributing to the infringement of, and/or inducing infringement of" the Patents by making, using, selling, offering for sale, and/or importing infringing products, including "products marketed as the 'Bratz Big Babyz Diamonds Sharidan Doll' (the 'Infringing Products')."

19. In the Patent Action, eTagz alleges that MGA has infringed various claim numbers of each of the Patents.

20. Based on these allegations, in the Patent Action, eTagz seeks actual damages, statutory damages, treble damages, attorneys' fees, and injunctive relief.

## TENDER AND RESPONSE

21. By letter dated June 13, 2012, MGA provided Evanston with a copy of a "Patent Claim Letter" from eTagz dated June 5, 2012.

22. By letter dated June 29, 2012, Evanston requested additional information in order to complete its coverage analysis. A copy of the June 29, 2012 letter is attached hereto as Exhibit H, and incorporated herein by reference. The June 29 letter stated that based on the information provided, it did not appear that a suit had been brought against MGA at that time and, therefore, the policies issued by Evanston were not then-implicated. Evanston also reserved all of its rights under the Policies and law. MGA did not respond to the June 29, 2012 letter.

23. Having received no response to its request for information, Evanston sent follow-up e-mails to MGA on August 3 and November 6, 2012, again requesting information in order to complete its coverage investigation.

24. On March 7, 2013, Evanston was provided with a copy of the complaint in connection with the Patent Action.

25. On April 12, 2013, Evanston denied coverage for the Patent Action. A copy of the April 12, 2013 letter is attached hereto as Exhibit I, and incorporated herein by reference. Evanston also reserved all of its rights under the Policies and law.

## COUNT I - DECLARATORY JUDGMENT THAT THERE IS
## NO COVERAGE FOR THE PATENT ACTION

26. Evanston repeats and incorporates by reference the allegations in paragraphs 1 through 25 of this Complaint.

27. The sole claim in the Patent Action asserts that MGA infringed the Patents.

28. The allegations in the Patent Action all relate to or arise out of patent infringement, which does not fall within the Policies' definitions of "bodily injury," "property damage," or "personal injury."

29. The Policies provide certain coverage for "Advertising Injury." The Policies define the "Advertising Injury" with respect to which the Policies afford insurance. The Policies' definition of "Advertising Injury" expressly provides that such definition does not encompass injury arising out of "misappropriation of advertising ideas or style of doing business" if such injury "relates to or aris[es] out of infringement of patent[.]" *See* Ex. A, Section V – Definitions (2)(c).

30. In addition, the Policies contain the Patent Infringement Exclusion, which bars coverage for any "'Advertising injury' *arising out of … alleged or actual infringement of any patent*[.]" *See* Ex. A, Section I, Covg. B "Personal & Advertising Injury Liab.," § 2.b(5) (emphasis added).

31. The claims asserted against MGA in the Patent Action do not fall within the Policies' definition of Advertising Injury and accordingly are not within the scope of the insurance provided by the Policies.

32. The claims asserted against MGA in the Patent Action are excluded from coverage under the Policies by the Patent Infringement Exclusion.

7

33. Evanston is entitled to a declaration and judgment that it has no obligation to defend or indemnify MGA in connection with the Patent Action.

### COUNT II—DECLARATORY JUDGMENT THAT THERE IS NO COVERAGE FOR OCCURRENCES THAT POST-DATE THE EVANSTON POLICY PERIOD

34. Evanston repeats and incorporates by reference the allegations in paragraphs 1 through 33 of this Complaint.

35. The Polices afford coverage, subject to all Policy terms and conditions, only for occurrences that take place during the policy periods of the Policies.  *See* Ex. A, Section I, Covg. B "Personal & Advertising Injury Liab.," § 1(b).  The last of the Policies expired on January 1, 2003.  The Patent Action contains no allegation that any Patent was infringed by MGA prior to January 1, 2003.

36. All of the Patents, other than No. 6298332, were issued subsequent to the expiration of the Policies.  Accordingly, there is no coverage under the Polices for any claims that relate to these Patents.

37. Patent No. 6298332 was issued in October 2001.  The Patent Action contains no allegation that this Patent was infringed by MGA prior to January 1, 2003.

38. Upon information and belief, the sole "Infringing Product" identified in the complaint in the Patent Action, the "Bratz Big Babyz Diamonds Sharidan Doll," was not marketed and sold by MGA until 2005.

39. As a result of the above, MGA is not entitled to a defense or coverage from Evanston under the Policies in connection with the Patent Action.

20366906v3

40. Evanston is entitled to a declaration that it owed and owes no duty to defend or indemnify MGA under the Policies in connection with the Patent Action.

### COUNT III - DECLARATORY RELIEF THAT THERE IS NO COVERAGE FOR TREBLE DAMAGES OR INJUNCTIVE RELIEF

41. Evanston repeats and incorporates by reference the allegations in paragraphs 1 through 40 of this Complaint.

42. The Patent Action seeks treble damages as a form of relief.

43. The Policies, however, exclude coverage for "punitive or exemplary damages." *See* Ex. A, Punitive or Exemplary Damages Exclusion.

44. The Patent Action seeks injunctive relief as a form of relief.

45. The Policies, however, provide that Evanston will pay only those sums that the Insured becomes legally obligated to pay as "damages." *See* Ex. A, Section I, Covg. B "Personal & Advertising Injury Liab.," § 1. Injunctive relief does not qualify as "damages" under the Policies.

46. As a result of the above, even if there otherwise is coverage under the Policies for the Patent Action, there is no coverage under the Policies for any amount against MGA for treble damages or injunctive relief.

47. Evanston is entitled to a declaration that there is no coverage under the Policies for any treble damages or any injunctive relief obtained by eTagz against MGA in connection with the Patent Action.

**WHEREFORE**, Evanston respectfully requests that this Court:

(A) Enter judgment declaring that Evanston has no obligation to defend or indemnify MGA in connection with the Patent Action;

(B) Enter judgment declaring that there is no coverage under the Policies for any treble damages or injunctive relief awarded in connection with the Patent Action;

(C) Award Evanston its costs incurred herein; and

(D) Award Evanston all other relief to which it may be entitled.

DATED this 15th day of April 2013.

Respectfully submitted,

TROUTMAN SANDERS LLP

By: /s/ Jennifer Mathis
Jennifer Mathis (Utah Bar No. 11475)
Sean M. Hanifin (*pro hac vice* to be filed)
Prashant K. Khetan (*pro hac vice* to be filed)

Attorneys for Plaintiff
Evanston Insurance Company

20366906v3