# EXHIBIT H

SEAN M. HANIFIN
202.662.2026 telephone
202.654.5817 facsimile
sean.hanifin@troutmansanders.com

PRASHANT K. KHETAN
202.662.2028 telephone
202.654.5824 facsimile
prashant.khetan@troutmansanders.com

# TROUTMAN SANDERS

TROUTMAN SANDERS LLP
Attorneys at Law
401 9th Street, N. W., Suite 1000
Washington, D.C.  20004-2134
202.274.2950 telephone
troutmansanders.com

June 29, 2012

**VIA FIRST-CLASS MAIL & EMAIL**

Michelle Darringer
Risk Management
MGA Entertainment, Inc.
16380 Roscoe Boulevard
Van Nuys, CA 91406
mdarringer@mgae.com

Michele C. Keys
Property & Casualty Claim Analyst
Barney & Barney, LLC
P.O. Box 85638
San Diego, CA 92186-5638
michelek@barneyandbarney.com

Dan Kabban
Client Executive
Barney & Barney, LLC
P.O. Box 85638
San Diego, CA 92186-5638
dank@barneyandbarney.com

|  |  |  |
|---|---|---|
| Re: | Insured: | **ABC International Traders, Inc.** |
|  |  | **MGA Entertainment, Inc.** |
|  | Issuing Company: | **Evanston Insurance Company** |
|  | Claimant: | **eTAGZ, Inc.** |
|  | Claim Nos: | **0107661 & 0107662** |
|  | Policy Numbers: | **01GLP1005176 & 02GLP1005176** |
|  | Policy Periods: | **January 1, 2001 to January 1, 2002** |
|  |  | **January 1, 2002 to January 1, 2003** |

Dear Ms. Darringer, Ms. Keys & Mr. Kabban:

This firm serves as coverage counsel for Evanston Insurance Company ("Evanston"). On behalf of Evanston, we acknowledge receipt of Ms. Keys' June 13, 2012 letter (sent on behalf of MGA Entertainment, Inc. ("MGA")) providing a copy of the "Patent Claim Letter" from eTAGZ, Inc. ("eTAGZ") dated June 5, 2012. If MGA is represented by insurance coverage counsel in connection with this matter, Evanston requests that this letter be forwarded to MGA's counsel and that Evanston be advised of counsel's identity so that Evanston can direct future correspondence to counsel.

As set forth in greater detail below, Evanston requires additional information in order to complete its coverage analysis. Based on the information provided, however, it does not appear

20004624v2

Michelle Darringer
Michele C. Keys
Dan Kabban
June 29, 2012
Page 2

that a suit has been brought against MGA at this time and, therefore, the policies issued by
Evanston are not currently implicated.  Accordingly, Evanston reserves all of its rights under the
applicable policies and law.  If suit has been brought against MGA or if MGA disagrees with this
assessment, please contact us at your earliest convenience.  Otherwise, Evanston will understand
that MGA concurs that no action to defend MGA currently is sought from Evanston.

## I.      FACTUAL BACKGROUND

According to the June 5, 2012 letter, eTAGZ is the owner of three patents – No. 6298332
dated October 2, 2001, No. 7503502 dated March 17, 2009, and No. 7703686 dated April 27,
2010.  The subject line of the letter is "Infringement of U.S. Patent Nos. 7,503,502; 7,703,686;
and 6,298,332."

In its letter, eTAGZ states that it "has reviewed [MGA's] use of the eTAGZ Patents and
believe[s] that [MGA's] product(s) utilize the inventions embodied in the eTAGZ Patents."  As a
result, eTAGZ states that it is "interested in reaching a direct, negotiated (and without litigation)
licensing arrangement for all of [MGA's] uses of the eTAGZ Patents[.]"  Attached to the June 5,
2012 letter is a document entitled "Infringement Claim Chart for Claim 21," copies of abstracts
for the above three patents, and a draft "Patent License Agreement" between eTAGZ and another
entity.

## II.     THE POLICIES

Evanston insured ABC International Traders, Inc. and MGA under Commercial General
Liability Insurance policies designated as policy numbers 01GLP1005176 and 02GLP1005176.[1]
The Policies provide coverage for the period of January 1, 2001 to January 1, 2002 and January
1, 2002 to January 1, 2003.  Both policies are subject to a $2500 liability deductible.
Additionally, the Policies are subject to the following limits of liability:

|       |             |                                                            |
|-------|-------------|------------------------------------------------------------|
| (i)   | $1,000,000  | Each Occurrence;                                           |
| (ii)  | $2,000,000  | General Aggregate (Other than Products-Completed Operations) |
| (iii) | $1,000,000  | Products-Completed Operations Aggregate                    |
| (iv)  | $1,000,000  | Personal and Advertising Injury Limit                      |
| (v)   | $5,000      | Medical Expense Limit                                      |

In relevant part, and subject to their terms, conditions and exclusions, the Policies provide
coverage as follows for amounts the Insured becomes legally obligated to pay as Damages for
Personal and Advertising Injury Liability:

---

[1] With respect to the relevant terms, conditions and exclusions, because both policies are
substantially similar, they are referred to collectively as the "Policies."

Michelle Darringer
Michele C. Keys
Dan Kabban
June 29, 2012
Page 3

1.   Insuring Agreement

   a.   We will pay those sums that the Insured becomes legally obligated
        to pay as damages because of "personal injury" or "advertising
        injury" to which this insurance applies.  We will have the right and
        duty to defend any "suit" seeking those damages.  We may at our
        own discretion investigate any "occurrence" and settle any claim
        or "suit" that may result. . . .

   b.   This insurance applies to:

        (1)   "Personal injury" . . . ;

        (2)   "Advertising injury" . . . ;

        but only if the offense was committed in the "coverage territory" during
        the policy period.

The Policies provide the following Definitions:

2.   "Advertising injury" means injury arising out of [certain enumerated]
     offenses:

. . .

4.   "Bodily injury" means bodily injury, sickness or disease sustained by a
     person, including death resulting from any of these at any time.

. . .

14.  "Personal injury" means injury other than "bodily injury," arising out of
     [certain enumerated] offenses[.]

. . .

16.  "Property damage" means:

   a.   Physical injury to tangible property . . . ; or

   b.   Loss of use tangible property that is not physically injured. . . .

Notably, the Policies do not apply to "advertising injury" arising out of "Your alleged or
actual infringement of any patent, copyright, trademark, title, slogan, service mark or statutory

Michelle Darringer
Michele C. Keys
Dan Kabban
June 29, 2012
Page 4

unfair competition, common law unfair competition, violation of the Lanham Act, anti-trust violations or misappropriation of trade secrets." Please see Policies, § I.B.2.b(5).

## III.   INFORMATION NEEDED TO COMPLETE COVERAGE INVESTIGATION

As a threshold issue, we note that the materials provided by MGA do not include any information regarding the allegedly infringing product – which appears to be the "Bratz Big Babyz Forever Diamondz." Please provide information regarding when this product was manufactured, when MGA began advertising it, and when MGA began to do so with the allegedly infringing packaging. If there are other MGA products that utilized similar advertising, as alleged by eTAGZ, please provide the same information with respect to those products. Until such time as it has had the opportunity to review this information, Evanston is unable to complete its coverage investigation and must reserve all of its rights under the Policies and law.

As noted above, based on the information provided to date, it does not appear that a suit has been made by eTAGZ against MGA at this time such that the Policies would apply. Indeed, there is no allegation against MGA at this time that would result in MGA becoming "legally obligated" to pay any amount as "damages;" nor is there any "suit" that would require the payment of defense costs at this time. Accordingly, Evanston does not believe that the Policies are implicated at this time.

To the extent that the Policies are or may become implicated, Evanston would like to bring to your attention the following Policy provisions, with respect to which Evanston reserves its rights:

First, coverage is available under the Policies only for occurrences or offenses that were committed during the policy period. Please see Policies, §§ I.A.1.b(2) & I.B.1.b. Here, two of the three patents that allegedly have been infringed are dated in 2009 and 2010, years after the Policies expired on January 1, 2003. And while the third patent (No. 6298332) is dated in 2001, no information has been provided to indicate that the alleged infringement of this patent occurred before the January 1, 2003 expiration of the Policies (*see* request above for additional information). To the extent that the alleged occurrences fall or offenses were committed outside of the applicable policy periods, there would be no coverage for any ensuing suit arising out of such occurrences or offenses.

Second, the allegations related to patent infringement do not fall within the Policies' definitions of "bodily injury," "property damage," "personal injury," or "advertising injury." Please see Policies, § V. With respect to "advertising injury," we further call to your attention that the Policies contain an exclusion for claims arising out of MGA's infringement of any patent. Please see Policies, § I.B.2.b(5).

Because of these threshold issues, including the lack of necessary information, this letter reflects Evanston's preliminary assessment of coverage based on the information currently

Michelle Darringer
Michele C. Keys
Dan Kabban
June 29, 2012
Page 5

available to it.  These views are not intended to be exhaustive or exclusive.  In view of the
incomplete information available to Evanston at this time, Evanston expressly reserves all of its
rights under any and all potentially applicable Policies and law, including the right to determine
the applicability of additional Policy terms and conditions as may be appropriate.

## IV.    **CONCLUSION**

For the reasons discussed above, Evanston does not believe that it has been provided with
all of the information needed in order to complete its coverage analysis.  Based on the
information provided, however, it does not appear that the Policies are implicated at this time.

If you have additional information which you believe provides a basis for coverage at this
time or believe that any of the factual information relied upon by Evanston is materially
incorrect, please contact us immediately at (202) 274-2950.  If Evanston does not hear from you
or anyone else acting on behalf of MGA, Evanston will understand that MGA is not seeking
coverage under the Policies for this matter at this time.

In the event that eTAGZ files suit with respect to this matter, please forward the suit
papers to Evanston as soon as possible.  Evanston will evaluate coverage under the Policies for
any such suit and will promptly advise MGA of Evanston's coverage determination based upon
Evanston's ongoing investigation of this matter and the allegations of the suit.

Please note that in response to the above, you have the right to contact the California
State Department of Insurance.  To do so, please contact the Department's Claim Services
Bureau, 300 South Spring Street, South Tower, Los Angeles, California 90013, or call (800)
927-4357 (in state) or (213) 897-8921 (out of state).

We look forward to receipt of the information requested.  Until such time, Evanston
reserves all of its rights under the Policies and law.

Sincerely,

TROUTMAN SANDERS LLP

By _____
     Sean M. Hanifin
     Prashant K. Khetan

cc:    Shari R. Marko (via email)

20004624v2