# EXHIBIT I

SEAN M. HANIFIN
202.662.2026 telephone
202.654.5817 facsimile
sean.hanifin@troutmansanders.com

PRASHANT K. KHETAN
202.662.2028 telephone
202.654.5824 facsimile
prashant.khetan@troutmansanders.com

# TROUTMAN SANDERS

TROUTMAN SANDERS LLP
Attorneys at Law
401 9th Street, N. W., Suite 1000
Washington, D.C. 20004-2134
202.274.2950 telephone
troutmansanders.com

April 12, 2013

**VIA FIRST-CLASS MAIL & EMAIL**

Michelle Darringer
Risk Management
MGA Entertainment, Inc.
16380 Roscoe Boulevard
Van Nuys, CA 91406
mdarringer@mgae.com

Michele C. Keys
Property & Casualty Claim Analyst
Barney & Barney, LLC
P.O. Box 85638
San Diego, CA 92186-5638
michelek@barneyandbarney.com

Dan Kabban
Client Executive
Barney & Barney, LLC
P.O. Box 85638
San Diego, CA 92186-5638
dank@barneyandbarney.com

Jennifer Clements
Asst. Property & Casualty Claim Analyst
Barney & Barney, LLC
9171 Towne Centre Drive, Suite 500
San Diego, CA 92122
Jennifer.clements@barneyandbarney.com

|       |                     |                                                                  |
|-------|---------------------|------------------------------------------------------------------|
| Re:   | Insured:            | **ABC International Traders, Inc.**                              |
|       |                     | **MGA Entertainment, Inc.**                                      |
|       | Issuing Company:    | **Evanston Insurance Company**                                   |
|       | Claimant:           | **eTAGZ, Inc.**                                                  |
|       | Claim Numbers:      | **0107661 & 0107662**                                            |
|       | Policy Numbers:     | **01GLP1005176 & 02GLP1005176**                                  |
|       | Policy Periods:     | **January 1, 2001 to January 1, 2002**                           |
|       |                     | **January 1, 2002 to January 1, 2003**                           |

Dear Ms. Darringer, Ms. Keys, Mr. Kabban & Ms. Clements:

   This firm serves as coverage counsel for Evanston Insurance Company ("Evanston"). On behalf of Evanston, we acknowledge receipt of Ms. Clements' March 7, 2013 e-mail (sent on behalf of MGA Entertainment, Inc. ("MGA")) providing a copy of the lawsuit brought by eTAGZ, Inc. ("eTAGZ") against, among others, MGA, captioned *eTagz, Inc. v. MGA Entertainment, Inc.*, No. 2:13-cv-00024-EJF (D. Utah) (the "Patent Action").[1] If MGA is represented by insurance coverage counsel in connection with this matter, Evanston requests that

---

[1] Evanston previously received a copy of the "Patent Claim Letter" from eTAGZ dated June 5, 2012, to which it responded based on the materials available and provided its coverage analysis to MGA on June 29 and November 20, 2012 (which correspondence are incorporated herein).

20004624v5

Michelle Darringer
Michele C. Keys
Dan Kabban
Jennifer Clements
April 12, 2013
Page 2

this letter be forwarded to MGA's counsel and that Evanston be advised of counsel's identity so that Evanston can direct future correspondence to counsel.

For the reasons stated below, Evanston has determined that there is no coverage for the Patent Action under the above-referenced policies and will not incur any expense or indemnity payments on MGA's behalf. **If MGA disagrees with this assessment, please contact us at your earliest convenience. Otherwise, Evanston will understand that MGA concurs with the coverage analysis provided herein.**

## I.     FACTUAL BACKGROUND

The Patent Action arises out of MGA's alleged infringement of four United States Patents: No. 6298332 dated October 2, 2001, No. 7503502 dated March 17, 2009, No. 7703686 dated April 27, 2010, and No. 8249919 dated April 21, 2013 (collectively, the "Patents"), which eTAGZ claims to own. In the Patent Action, eTAGZ brings a single claim against MGA for infringement of the Patents.

The sole count alleges that MGA is "infringing, contributing to the infringement of, and/or inducing infringement of" the Patents by making, using, selling, offering for sale, and/or importing infringing products, including "products marketed as the 'Bratz Big Babyz Diamonds Sharidan Doll' (the 'Infringing Products')." In the Patent Action, eTAGZ alleges that MGA has infringed various claim numbers of each of the Patents. Based on these allegations, eTAGZ seeks actual damages, statutory damages, treble damages, attorneys' fees, and injunctive relief.

## II.    THE POLICIES

Evanston insured ABC International Traders, Inc. and MGA under Commercial General Liability Insurance policies designated as policy numbers 01GLP1005176 and 02GLP1005176.[2] The Policies provide coverage for the period of January 1, 2001 to January 1, 2002 and January 1, 2002 to January 1, 2003. Both policies are subject to a $2500 liability deductible. Additionally, the Policies are subject to the following limits of liability:

| | | |
|---|---|---|
| (i)   | $1,000,000 | Each Occurrence; |
| (ii)  | $2,000,000 | General Aggregate (Other than Products-Completed Operations) |
| (iii) | $1,000,000 | Products-Completed Operations Aggregate |
| (iv)  | $1,000,000 | Personal and Advertising Injury Limit |
| (v)   | $5,000     | Medical Expense Limit |

---

[2] With respect to the relevant terms, conditions and exclusions, because both policies are similar in all material respects, they are referred to collectively as the "Policies."

20004624v5

Case 2:13-cv-00269-DBP   Document 2-9   Filed 04/15/13   Page 4 of 7

Michelle Darringer
Michele C. Keys
Dan Kabban
Jennifer Clements
April 12, 2013
Page 3

    Relevant to the claim here, and subject to their terms, conditions and exclusions, the Policies provide coverage as follows for amounts the Insured becomes legally obligated to pay as Damages for: (1) Bodily Injury and Property Damage Liability; and (2) Personal and Advertising Injury Liability:

    COVERAGE A.  BODILY INJURY & PROPERTY DAMAGE LIABILITY

    1.    Insuring Agreement

        a.    We will pay those sums that the Insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend any "suit" seeking those damages.  We may at our own discretion investigate any "occurrence" and settle any claim or "suit" that may result. . . .

        b.    This insurance applies to "bodily injury" and "property damage" only if:

            . . .

            (2)    The "bodily injury" or "property damage" occurs during the policy period.

. . .

    COVERAGE B.  PERSONAL AND ADVERTISING INJURY LIABILITY

    1.    Insuring Agreement

        a.    We will pay those sums that the Insured becomes legally obligated to pay as damages because of "personal injury" or "advertising injury" to which this insurance applies.  We will have the right and duty to defend any "suit" seeking those damages.  We may at our own discretion investigate any "occurrence" and settle any claim or "suit" that may result. . . .

        b.    This insurance applies to:

            (1)    "Personal injury" . . . ;

            (2)    "Advertising injury" . . . ;

20004624v5

Michelle Darringer
Michele C. Keys
Dan Kabban
Jennifer Clements
April 12, 2013
Page 4

      but only if the offense was committed in the "coverage territory" during the policy period.

The Policies provide the following Definitions:

2.     "Advertising injury" means injury arising out of [certain enumerated] offenses:

. . .

    c.     Misappropriation of advertising ideas or style of doing business except as relates to or arising out of infringement of patent, copyright, trademark, title, slogan or service mark.

. . .

4.     "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

. . .

14.     "Personal injury" means injury other than "bodily injury," arising out of [certain enumerated] offenses[.]

. . .

16.     "Property damage" means:

    a.     Physical injury to tangible property . . . ; or

    b.     Loss of use tangible property that is not physically injured. . . .

In addition, the Policies bar coverage for:

- "Advertising injury" arising out of "Your alleged or actual infringement of any patent, copyright, trademark, title, slogan, service mark or statutory unfair competition, common law unfair competition, violation of the Lanham Act, anti-trust violations or misappropriation of trade secrets."

- "[P]unitive or exemplary damages."

20004624v5

Michelle Darringer
Michele C. Keys
Dan Kabban
Jennifer Clements
April 12, 2013
Page 5

### III.    COVERAGE ANALYSIS

Evanston has determined that there is no coverage for the Patent Action under the Policies for the following reasons:[3]

First, the allegations in the Patent Action do not give rise to coverage under either of the Policies' applicable Insuring Agreements. Specifically, the allegations related to patent infringement do not fall within the definitions of "bodily injury," "property damage," "personal injury," or "advertising injury." *See* Policies, § V. With respect to "advertising injury," we further note that the Policies bar coverage for any "'Advertising injury' *arising out of ... alleged or actual infringement of any patent*[.]" *See id.*, § I.B.2.b(5); *see also id.*, § V (definition of "Advertising Injury" expressly provides that such definition does not encompass injury arising out of "misappropriation of advertising ideas or style of doing business" if such injury "relates to or aris[es] out of *infringement of patent*") (emphasis added). Accordingly, there is no coverage for the Patent Action.

Second, coverage is available under the Policies only for occurrences or offenses that were committed during the policy period. *See id.*, §§ I.A.1.b(2) & I.B.1.b. Here, three of the four patents that allegedly have been infringed are dated in 2009 or later, years after the Policies expired on January 1, 2003. And while the fourth patent (No. 6298332) is dated in 2001, eTAGZ does not allege that infringement of this patent occurred before the January 1, 2003 expiration of the Policies (*see* request above for additional information). Moreover, Evanston understands that the sole "Infringing Product" identified in the complaint in the Patent Action, the "Bratz Big Babyz Diamonds Sharidan Doll," was not marketed and sold until 2005. Thus, there are no allegations that fall within the applicable policy period. Accordingly, there is no coverage for the Patent Action.

Finally, the Policies provide that Evanston will pay only those sums that the Insured becomes legally obligated to pay as damages. *See id.*, §§ I.A.1.a & I.B.1.a. The Patent Action, however, seeks injunctive relief, which does not qualify as "damages" under the Policies. Moreover, the Patent Action seeks treble damages, which are specifically excluded from the Policies. *See id.*, Endt. – Punitive or Exemplary Damages Exclusion. Therefore, Evanston must reserve its rights on these grounds.

---

[3] Evanston reiterates its requests for information, as noted in prior communications, including information regarding the allegedly infringing product – which appears to be the "Bratz Big Babyz Forever Diamondz" or "Bratz Big Babyz Diamonds Sharidan Doll." Please provide information regarding when this product was manufactured, when MGA began advertising it, and when MGA began to do so with the allegedly infringing packaging. In addition, Evanston requests copies of the Exhibits attached to the Complaint, which were not included in Ms. Clements' March 7, 2013 e-mail. Until such time as it has had the opportunity to review this information, Evanston must reserve all of its rights under the Policies and law.

20004624v5

Michelle Darringer
Michele C. Keys
Dan Kabban
Jennifer Clements
April 12, 2013
Page 6

Because these provisions are dispositive of coverage for the Patent Action, we do not address other applicable or potentially applicable terms, conditions, and exclusions that potentially could bar or limit coverage. In this regard, please note that the views expressed in this letter are based on the allegations made by eTAGZ and are not intended in any way to suggest that Evanston has concluded that those allegations are true. Rather, this letter reflects Evanston's analysis of coverage based on the information currently available to it. These views are not intended to be exhaustive or exclusive. To the contrary, Evanston expressly reserves all of its rights under any and all potentially applicable Policies and law, including the right to raise additional coverage issues as may be appropriate.

## IV.  CONCLUSION

Based on all of the foregoing, Evanston must deny coverage for the Patent Action and will not be handling this claim on MGA's behalf. Nor will Evanston be providing MGA a defense in the Patent Action.

If MGA feels that Evanston's determination was made in error, or that further review of Evanston's position is warranted, MGA has the right to contact the California State Department of Insurance. To do so, please contact the Department's Claim Services Bureau, 300 South Spring Street, South Tower, Los Angeles, California 90013, or call (800) 927-4357 (in state) or (213) 897-8921 (out of state).

**If MGA has additional information which it believes provides a basis for coverage or believes that any of the factual information relied upon by Evanston is materially incorrect, please contact us immediately at (202) 274-2950. If Evanston does not hear from you or anyone else acting on behalf of MGA, it will understand that MGA agrees with this coverage analysis and is not disputing the lack of coverage under the Policies for the Patent Action.**

Sincerely,

TROUTMAN SANDERS LLP

By _____
Sean M. Hanifin
Prashant K. Khetan

cc:    Shari R. Marko (via email)

20004624v5